## THE MUSKEGON.

### OLSEN v. AMERICAN TRANSATLANTIC S. S. CO.

(District Court, E. D. New York. September 26, 1921.)

Interest ⬤⟿45—Respondent held liable for interest on sum admitted to be due from date when due.

Respondent *held* liable for interest on the sum admitted by the pleadings to be due libelant, from the date when it became due, where under the rules of the court respondent could at any time have stopped the running of interest by a tender and deposit in court.

In Admiralty. Suit by Andrew Olsen against the steamship Muskegon, formerly the Gotland; the American Transatlantic Steamship Company, claimant. Decree for libelant.

Bullowa & Bullowa, of New York City, for libelant.

Barry, Wainwright, Thacher & Symmers, of New York City, for respondent.

GARVIN, District Judge. Libelant moves for judgment on the pleadings, demanding a final decree for the sum of $6,749.66, with interest from November 17, 1915, to date, and the costs of the action, the motion being based on the admission contained in the answer that

libelant is entitled to recover that sum. The question involved is whether libelant is entitled to interest upon the amount conceded due. The rules of this court provide as follows:

### Rule XXXVI.

"A tender inter partes *before suit* shall be of no avail in defense or in discharge of costs unless on suit brought and *before answer, plea or claim filed, the same tender is deposited in the court* to abide the order or decree to be made in the matttr.

"At any time not less than 14 days *before trial the respondent or claimant may serve* upon the libelant's proctor *a written offer to allow a decree to be taken against him for the sum of money therein specified,* with costs to the date of the offer to be taxed, *which the libelant may* within ten days there-after *accept and enter judgment accordingly; if not so accepted,* and the libel-ant fail to obtain a more favorable decree, *he cannot recover costs from the time of the offer; but if the respondent or claimant deposits the amount of his offer, or tender, and the clerk's fees for paying out the same,* with the clerk, *the respondent shall recover costs from the time of deposit* if the libel-ant does not recover a more favorable decree."

### Rule XXXVIII.

"*The libelant may at any time on notice take order for the withdrawal of so much of the tender or amount deposited as the court may allow,* without prejudice to his subsequent litigation for a larger amount, leaving in the registry a sum sufficient to cover the defendant's *costs,* in case the amount deposited should be held in this court, or in any appellate court, to be sufficient to meet the libelant's demand.

"*If the respondent serves on the proctor of the libelant written notice of consent that the whole, or any specific part, of the tender deposited be paid over to the libelant,* the respondent shall not in any event be liable thereafter for *interest* on so much of the libelant's claim."

Rule XXXVI makes no reference to interest. Reference must be made to rule XXXVIII in order to ascertain how the respondent may be relieved from liability therefor. That rule provides specifically for a deposit in court. Under a state of facts somewhat similar to those of the case under consideration, it was held that the libelant should not be relieved of interest and costs. Donaldson v. Severn River Co. (D. C.) 138 Fed. 691.

In view of the fact that the respondent has had the use of money concededly due the libelant since November 15, no equitable con-sideration is suggested why libelant should not receive interest. The latter could not compel the respondent to make the deposit, and the respondent could have effectually stopped the running of interest by payment into court or tender.

The motion is granted.